UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC,<br><br>　　　　　Plaintiff(s),<br><br>vs.<br><br>FLAMINGO TRAILS NO. 7 LANDSCAPE<br>MAINTENANCE ASSOCIATION, INC., et al.,<br><br>　　　　　Defendant(s). | Case No. 2:15-cv-01268-RFB-NJK<br><br>ORDER TO SHOW CAUSE<br><br>ORDER (Docket Nos. 27, 28, 30, 32) |

　　　The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, which is an issue it can raise at any time. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). One basis for federal jurisdiction is "diversity jurisdiction." With respect to diversity jurisdiction, United States District Judge Richard F. Boulware II recently summarized as follows:

> Diversity jurisdiction is established by statute: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [diverse parties.]" 28 U.S.C. § 1332(a). Courts treat limited liability companies the same as partnerships for diversity jurisdiction purposes, and therefore look to the citizenship of each member of the company. *Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006). Unlike a corporation, an LLC is not a citizen of the state in which it was organized unless one of its members is a citizen of that state. *See Carolina Cas. Ins. Co. v. Team Equip., Inc.,* 741 F.3d 1082, 1085 (9th Cir. 2014). Diversity is thus lacking if any LLC member is a citizen of the same state as an opposing party.

*Krohn v. Equity Title, LLC*, 2015 WL 4622687, at *4 (D. Nev. Aug. 3, 2015); *see also Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that "an LLC is a citizen

of every state of which its owners/members are citizens"). Hence, in cases involving an LLC as a party, understanding the citizenship of <u>each member</u> of the LLC is a key in deciding whether diversity jurisdiction exists.

Plaintiff filed this case in this Court on the basis of diversity jurisdiction. Docket No. 1 at ¶ 1. Plaintiff's complaint alleges that Plaintiff is a citizen of Delaware and Texas. *See, e.g.*, *id.* The complaint alleges on information and belief that Defendants are not citizens of Delaware or Texas. *See id.* The complaint alleges on information and belief that Defendant SFR is a Nevada limited liability company and that Chris Harden, officer of SFR, is a Nevada citizen. *See id.* at ¶ 4. SFR's answer admits that it is organized under the laws of Nevada and that Mr. Harden is a Nevada citizen. Docket No. 11 at ¶ 4. SFR's answer asserts that it is without sufficient knowledge or information to form a belief as to the truth of the allegation that it is not a citizen of Delaware or Texas. *See id.* at ¶ 1.[1]

These pleadings are not sufficient to establish the jurisdiction of this Court because they fail to identify the citizenship of each member of SFR. "Even if the defendants concede jurisdiction, the district court may still conclude that some further showing of citizenship may be required to confirm its jurisdiction." *Carolina Casualty*, 741 F.3d at 1088 (citing *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (*per curiam*)). The Court hereby **ORDERS** Defendant SFR to file, no later than April 27, 2016, a declaration identifying the citizenship of each of its members. The parties are further **ORDERED** to show cause in writing, no later than May 11, 2016, why this case should not be dismissed for lack of subject matter jurisdiction.

//
//
//
//
//
//

---

[1] By contrast, the answer of Defendant Flamingo Trails No. 7 Landscape Maintenance Association, Inc. admits that it is not a citizen of either Delaware or Texas. Docket No. 23 at ¶ 1.

Because it is unclear that this Court has subject matter jurisdiction, the pending discovery motions at Docket Nos. 27, 28, 30, 32 are hereby **DENIED** without prejudice.  In the event the Court finds that subject matter jurisdiction is not lacking, the parties may refile those discovery motions, if necessary.  The parties must engage in a renewed meet and confer effort prior to the refiling of any motion, and each motion must address any changed circumstances between now and its refiling.

IT IS SO ORDERED.

DATED: April 13, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge