UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC,<br><br>                Plaintiff(s),<br><br>vs.<br><br>FLAMINGO TRAILS NO. 7 LANDSCAPE<br>MAINTENANCE ASSOCIATION, et al.,<br><br>                Defendant(s). | Case No. 2:15-cv-01268-RFB-NJK<br><br>ORDER<br><br>(Docket Nos. 55, 56, 57) |

       On March 5, 2016, Defendant SFR filed a motion for protective order regarding the deposition of Christopher Hardin. Docket No. 27. On March 8, 2016, Defendant SFR filed a motion for protective order regarding the Rule 30(b)(6) deposition of SFR. Docket No. 28. Plaintiff not only responded to those motions, but brought counter-motions to compel. *See* Docket Nos. 29-32. The parties treated the counter-motions as separate motions with separate briefing schedules, elongating the briefing process. *See, e.g.*, Docket Nos. 38, 41. The Court ultimately denied all four discovery motions without prejudice until the parties established subject matter jurisdiction. *See* Docket No. 42. The Court ordered that the motions be renewed within 7 days of any finding that subject matter jurisdiction exists. Docket No. 46. The Court issued an order indicating that it has subject matter jurisdiction on May 5, 2016, Docket No. 51, but only the above "counter-motions" to compel were refiled in a timely manner, Docket Nos. 55, 56. Moreover, those "counter-motions" to compel refer to arguments made in briefing the now-denied motions for protective order. *See, e.g.*, Docket No. 55 at 5, 17. Defendant SFR renewed one of its motions for protective order in an untimely manner. *See* Docket No. 57.

In an effort to streamline the process of deciding the instant discovery disputes, the Court orders as follows. First, the Court will resolve the instant disputes through the lens of motions to compel. Second, the Court will not entertain any counter-motion(s) for protective order and, instead, will enter protective orders *sua sponte* as appropriate upon ruling on the motions to compel. *See, e.g.*, Fed. R. Civ. P. 37(a)(5)(B) ("If the motion [to compel] is denied, the court may issue any protective order authorized under Rule 26(c)"). Third, the Court will also not entertain any counter-motions for sanctions and, instead, the parties may simply incorporate any arguments regarding sanctions arising out of the instant disputes in their briefing of the motions to compel. *See, e.g.*, Fed. R. Civ. P. 37(a)(5)(A) (discussing possible sanctions when a motion to compel is granted); Fed. R. Civ. P. 37(a)(5)(B) (discussing possible sanctions when a motion to compel is denied).[1]

Accordingly, all renewed motions (Docket Nos. 55-57) are hereby **DENIED** without prejudice. Plaintiff shall refile its motions, no later than May 17, 2016, omitting responses to previous briefing. Responses to the motions to compel shall be filed no later than May 31, 2016, and any replies shall be filed no later than June 7, 2016.[2] No counter-motion(s) for protective order and/or for sanctions may be filed.

IT IS SO ORDERED.

DATED: May 13, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] The parties may, alternatively, file a motion for sanctions after the resolution of the motions to compel as appropriate.

[2] The parties must adhere to these deadlines notwithstanding any contrary automatically-generated CM/ECF notices. *See, e.g.*, Local Rule IC 3-1(d).