UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC, <br><br>　　　　Plaintiff(s), <br><br>vs. <br><br>FLAMINGO TRAILS NO. 7 LANDSCAPE MAINTENANCE ASSOCIATION, et al., <br><br>　　　　Defendant(s). | Case No. 2:15-cv-01268-RFB-NJK <br><br>ORDER <br><br>(Docket No. 61) |

Pending before the Court is Plaintiff's motion to compel related to the Rule 30(b)(6) deposition of SFR Investments Pool 1, LLC ("SFR"). Docket No. 61. SFR filed a response in opposition, and Plaintiff filed a reply. Docket Nos. 63, 66. The parties also filed supplements as ordered by the Court. Docket Nos. 68-70. The Court finds the motion properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the motion is **GRANTED** in part and **DENIED** in part.

This is one of hundreds of quiet title actions arising out of homeowner foreclosure proceedings. As a general matter, the parties dispute whether SFR's purchase of the property at issue extinguished Plaintiff's own rights to the property. *See, e.g.*, Docket No. 1 at ¶ 31. Pertinent to that analysis is whether SFR qualifies as a *bona fide* purchaser of the property. *See, e.g., id.* at ¶ 45. The instant dispute centers on Plaintiff's attempt to obtain Rule 30(b)(6) deposition testimony that it contends is probative of SFR's status as a *bona fide* purchaser.

The instant motion relates to two Rule 30(b)(6) deposition topics, Topics 2 and 10. Following a further meet and confer ordered by the Court, the parties resolved their dispute with respect to Topic

2. *See* Docket No. 68 at 2. Accordingly, that aspect of the pending motion is **DENIED** as moot.

A live dispute remains with respect to Topic 10, however. *See id.* Generally speaking, that deposition topic seeks information regarding SFR's corporate structure and members. Plaintiff argues that such information is pertinent to the equitable analysis that has been established recently by the Nevada Supreme Court. *See* Docket No. 61 at 5 (discussing *Shadow Wood Homeowner's Ass'n v. N.Y. Cmty. Bancorp*, 366 P.3d 1105 (Nev. 2016)). More particularly, Plaintiff argues that the information sought relates to SFR's defense that it is a *bona fide* purchaser. *See id.* at 8-9. SFR is resisting discovery on the grounds that Plaintiff already has possession of the pertinent information and that the discovery is not relevant. *See* Docket No. 63 at 8-16.

United States Magistrate Judge Peggy A. Leen recently resolved a substantially similar dispute in another case, holding that such information is discoverable in light of the Nevada Supreme Court's recent decision in *Shadow Wood* and in light of the factual discrepancies of whether SFR is actually operating as a manager-managed LLC. *See Nationstar Mortgage, LLC v. August Belford & Ellingwood Homeowners Assoc.*, 2016 U.S. Dist. Lexis 74710, *11-12, 15 (D. Nev. June 8, 2016). The Court finds Judge Leen's analysis persuasive and instructive here, and will follow the same course. As such, the Court **GRANTS** the motion to compel as it relates to Topic 10. That deposition shall be conducted within 30 days of this order. To the extent SFR's Rule 30(b)(6) representative testifies that he or she lacks sufficient information on the topic, the Court will permit Plaintiff leave to conduct third-party discovery from the entities that have that information.

IT IS SO ORDERED.

DATED: July 28, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge