UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC,<br><br>            Plaintiff(s),<br><br>vs.<br><br>FLAMINGO TRAILS NO. 7 LANDSCAPE<br>MAINTENANCE ASSOCIATION, et al.,<br><br>            Defendant(s). | Case No. 2:15-cv-01268-RFB-NJK<br><br>ORDER<br><br>(Docket No. 60) |

Pending before the Court is the motion to compel and the motion for sanctions filed by Plaintiff Nationstar Mortgage, LLC ("Nationstar"). Docket No. 60. Defendant SFR Investment Pool 1, LLC ("SFR") filed a response in opposition, and Nationstar filed a reply. Docket Nos. 64, 65. The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the motion to compel is **GRANTED** and the motion for sanctions is **GRANTED**.

**I.     FACTUAL OVERVIEW**

This is one of hundreds of quiet title actions arising out of homeowner foreclosure proceedings. As a general matter, the parties dispute whether SFR's purchase of the property at issue extinguished Nationstar's own rights to the property. *See, e.g.*, Docket No. 1 at ¶ 31. On February 22, 2016, Nationstar noticed the deposition for Christopher Hardin–the manager of SFR–to take place on March 7, 2016. *See* Docket No. 30-8. The deposition notice was served by hand on SFR's counsel that day, and also served by mail. *See id.* at 4-5. On Saturday, March 5, 2016, SFR filed a motion for protective order "to not permit the deposition of Christopher Hardin to take place." *See* Docket No. 27 at 1. On

Monday, March 7, 2016, Nationstar's counsel appeared for the deposition as scheduled, but neither Mr. Hardin nor SFR's counsel appeared. *See* Docket No. 30-4 at ¶ 14. Nationstar thereafter filed a motion to compel and for sanctions arising out of that non-appearance. *See* Docket No. 30.

In light of a separate order to show cause regarding the existence of diversity jurisdiction, the Court denied the above motions without prejudice. Docket No. 42 at 3. Once the Court resolved the jurisdictional issues and in an effort to streamline the process of resolving the pending disputes, the Court instructed the parties to present the issues through the filing of a motion to compel by Nationstar, with the briefing on such motion to include any relevant argument as to whether a contrary protective order should be entered and whether sanctions should be imposed. *See* Docket No. 58 at 2. That motion to compel is now pending before the Court, rendering ripe the dispute as to whether Mr. Hardin's deposition should be compelled or protected and whether sanctions should be imposed for his non-appearance at the deposition on March 7, 2016.

## II.   DISCOVERY DISPUTE

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Parties are entitled to discover non-privileged information that is relevant to any party's claim or defense and is proportional to the needs of the case, including consideration of the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). The recent amendments to the discovery rules are meant to curb the culture of scorched earth litigation tactics by emphasizing the importance of ensuring that the discovery process "provide[s] parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery." *Roberts v. Clark County School Dist.*, 312 F.R.D. 594, 603-04 (D. Nev. 2016).

When a party fails to provide requested discovery, the requesting party may move to compel that discovery. *See* Fed. R. Civ. P. 37(a). Conversely, a party from whom discovery is sought may move for a protective order. *See* Fed. R. Civ. P. 26(c). For good cause shown, courts may issue a protective order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or

expense. *See id.*; *see also* Fed. R. Civ. P. 26(b)(2)(C) (courts must limit frequency or extent of discovery that is otherwise permissible if that discovery is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive). When a discovery dispute is presented through the filing of a motion to compel and that motion is denied, courts may enter any protective order authorized under Rule 26(c). *See* Fed. R. Civ. P. 37(a)(5)(B).[1]

The pending discovery dispute centers on Nationstar's ability to depose Mr. Hardin. Nationstar urges that the deposition is critically important to disputing SFR's contention that it is a *bona fide* purchaser of the underlying property. *See, e.g.*, Docket No. 60 at 2, 12.[2] For example, Nationstar seeks testimony regarding the reading of a script at the foreclosure sale notifying prospective buyers of litigation regarding the property. *See id.* at 4. Nationstar contends that deposing Mr. Hardin is of particular significance because its questions posed at the Rule 30(b)(6) deposition were met largely with responses that SFR's designated witness did not know the answer, and that an interrogatory was similarly answered largely by responses that SFR could not recall. *See id.* at 5-6, 12; *see also* Docket No. 65 at 7-8. Nationstar also suggests that Mr. Hardin's deposition likely can be completed in only a few hours, and that Nationstar is willing to depose Mr. Hardin outside of normal working hours to reduce any inconvenience or disruption to SFR's business. *See* Docket No. 60 at 14.

SFR resists the deposition by making numerous procedural and substantive arguments. None of SFR's arguments is persuasive. Instead, as elaborated below, the Court agrees with Nationstar that the deposition notice was proper and that the deposition testimony sought is discoverable and proportional to the needs of this case.

---

[1] Unless otherwise specified, references to "Rules" refer to the Federal Rules of Civil Procedure.

[2] As noted above, SFR filed its motion for protective order on the Saturday before the scheduled Monday deposition, 11 days after service of the deposition notice. *See* Section I. A motion for protective order must be filed in a timely manner and is subject to outright denial if the movant delays unnecessarily in filing it. *See, e.g.*, *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1143 (D. Nev. 2015) (citing *Allstate Ins. Co. v. Nassiri*, No. 2:08-cv-00369-JCM-GWF, 2011 WL 4905639, at *1 (D. Nev. Oct. 14, 2011)). Nationstar does not argue that the timing of SFR's motion for protective order impacts the outcome of the pending discovery dispute, so the Court does not reach that issue.

A. <u>Deposition Notice</u>

As a threshold matter, SFR argues that Mr. Hardin should not be subjected to a deposition because Nationstar improperly served a deposition notice on SFR's counsel. *See, e.g.*, Docket No. 64 at 6-8. In particular, SFR contends that Mr. Hardin could only be subpoenaed to a deposition pursuant to Rule 45 because he is a "non-party" to this action. *Id.* at 6-7. Moreover, because the discovery cutoff has since expired, SFR argues that this notice defect is fatal to any attempt to depose Mr. Hardin in this case. *See id.* at 12. Nationstar argues that a subpoena is not required to compel Mr. Hardin's deposition based on his status as an officer or managing agent of a party. Docket No. 60 at 8.[3] Nationstar has the better argument.

A party may depose a person by serving "reasonable written notice." Fed. R. Civ. P. 30(b)(1). "If a person is a party, a simple notice of deposition is sufficient to compel attendance, while a non-party's attendance can be compelled only by subpoena." *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F. 3d 1146, 1158 (9th Cir. 2010). Although determining whether a person qualifies as a party is often a straightforward endeavor, such a determination depends on the particular circumstances of each case. *See, e.g., id.* (determining that a defaulted defendant should be treated as a non-party). In the context of a corporate party, a natural person is deemed a party for Rule 30(b)(1) notice purposes if that person is the party's officer, director, or managing agent. *See, e.g., Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 628 n.1 (C.D. Cal. 2005). Hence, "[t]hough Rule 30 does not say so expressly, a subpoena is not necessary if the person to be examined is a party or an officer, director, or managing agent of a party." 8A Wright, Miller, & Marcus, Federal Practice & Procedure, § 2107, at p. 507-08 (2010).

The burden is on the examining party to establish the status of the deponent as an officer, director, or managing agent, but this burden is a "modest" one and any doubts are resolved in favor of the examining party. *Calderon v. Experian Info. Solutions, Inc.*, 287 F.R.D. 629, 632-33 (D. Id. 2012). "The question of whether a particular person is a 'managing agent' is to be answered pragmatically, on an *ad hoc* basis, considering the facts of the particular case." *Id.* at 632. In analyzing whether such a

---

[3] Nationstar attempted to serve Mr. Hardin with a subpoena on several occasions prior to proceeding with a deposition notice. *See, e.g.*, Docket No. 30-4 at ¶¶ 6-7. The parties dispute whether Mr. Hardin evaded service of that subpoena. *Compare* Docket No. 60 at 15 *with* Docket No. 64 at 7.

showing has been made, courts will often review several factors aimed at determining whether the deponent has control or authority over the corporate entity's day-to-day business. *See, e.g.*, *Murata Mfg. Co. v. Bel Fuse, Inc.*, 242 F.R.D. 470, 476 (N.D. Ill. 2007).

In this case, SFR itself has repeatedly and emphatically contended that Mr. Hardin has "sole authority when it comes to managing [SFR]," Docket No. 65-1 at ¶ 4, and that he is "the sole manager who is responsible for running the day-to-day operations of SFR," Docket No. 64 at 3. Such representations are sufficient to conclude that Mr. Hardin should be treated as a party for Rule 30(b)(1) notice purposes. Accordingly, Nationstar was not required to subpoena Mr. Hardin's deposition testimony and, instead, the deposition notice sufficed.

B. Duplicative Rule 30(b)(6) Deposition

SFR next contends that allowing the deposition testimony of Mr. Hardin as a percipient witness would be impermissibly duplicative of its Rule 30(b)(6) deposition that was already taken. *See, e.g.*, *id.* at 8. SFR contends that the rules permit a party to get only "one or the other, but not both." *Id.* The Court is not persuaded. Courts have rejected the argument that a Rule 30(b)(6) deposition and a percipient witness deposition are unnecessary or cumulative of one another based simply on the similarity of topics covered. *See, e.g.*, *Louisiana Pac. Corp. v. Money Market 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 487 (N.D. Cal. 2012) (collecting cases). Indeed, courts have permitted the deposition testimony of even high-ranking corporate officers with unique insight or personal involvement in the events at issue that cannot be discovered through less intrusive means, notwithstanding earlier Rule 30(b)(6) testimony on those issues. *See, e.g., Apple Inc. v. Samsung Elecs. Co.*, 282 F.R.D. 259, 264-65 (N.D. Cal. 2012) (rejecting argument that Samsung's CEO could not be deposed as a percipient witness given Rule 30(b)(6) designee's testimony on the same subject matter). In determining whether to permit both a Rule 30(b)(6) deposition and a percipient witness deposition on overlapping issues, the court must ensure that there is sufficient utility in the second deposition such that it is not unnecessary or wasteful. *Cf. Roberts*, 312 F.R.D. at 603-04.

In this instance, the Court agrees with Nationstar that Mr. Hardin is uniquely positioned to provide the testimony sought because he attended the foreclosure sale at issue. *See, e.g.*, Docket No. 60 at 13. Moreover, it is clear that the Rule 30(b)(6) deponent was not able to answer all of the pertinent

questions to which Mr. Hardin may testify. *See, e.g.*, Docket No. 65 at 6 (quoting transcripts from the Rule 30(b)(6) deposition in which the deponent lacked the information needed to answer); Docket No. 60 at 5-6 (same). The Rule 30(b)(6) transcripts make clear that the deponent had not inquired of Mr. Hardin regarding some of the pertinent information now sought directly from Mr. Hardin. *See* Docket No. 65 at 6.[4] As a result, Mr. Hardin's deposition is not unnecessarily duplicative of the Rule 30(b)(6) deposition.

### C. Undue Burden

SFR next argues that requiring Mr. Hardin to appear for his deposition is unduly burdensome. *See* Docket No. 64 at 10-11. "A party claiming undue burden or expense ordinarily has far better information–perhaps the only information–with respect to that part of the determination." Fed. R. Civ. P. 26(b)(1), Advisory Committee Notes (2015). As a result, it has long been clear that a party claiming that discovery imposes an undue burden must "allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence." *Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 529 (D. Nev. 1997). Conclusory or speculative statements of harm, inconvenience, or expense are plainly insufficient. *See U.S. E.E.O.C. v. Caesars Entertainment*, 237 F.R.D. 428, 432 (D. Nev. 2006). Hence, courts have made clear that identifying the generalized burden of being deposed while holding a position as a corporate executive is insufficient grounds for precluding a deposition. *See, e.g.*, *Apple*, 282 F.R.D. at 267, 268 (ordering three-hour depositions despite the burden arising out of the deponents' positions "as one of the highest-ranking executives in the Mobile Communications

---

[4] SFR also contends that Mr. Hardin's deposition is duplicative of a multi-part interrogatory to which responses certified by Mr. Hardin largely consisted of "SFR does not recall." *See* Docket No. 64 at 9-10. "Written interrogatories are rarely, if ever, an adequate substitute for a deposition." *Shoen v. Shoen*, 5 F.3d 1289, 1297 (9th Cir. 1993). That is especially true in instances of a claimed lack of recollection, as an adverse attorney may use the live deposition process to refresh that recollection or challenge the claimed lack of recollection. *See id.* ("Only by examining a witness live can a lawyer use the skills of his trade to plumb the depths of a witness' recollection, using to advantage not only what a witness may have admitted in answering interrogatories, but also any new tidbits that usually come out in the course of answering carefully framed and pin-pointed deposition questions"); *see also Apple*, 282 F.R.D at 263 ("A claimed lack of knowledge, by itself, is insufficient to preclude a deposition").

1 Division and responsible for overseeing nine groups" and as "an executive vice president who oversees
2 approximately 800 employees").

3       In this case, Nationstar has suggested that a few hours should be sufficient to complete Mr.
4 Hardin's deposition, and has further agreed to take the deposition outside normal business hours to
5 lessen any inconvenience on Mr. Hardin. *See* Docket No. 60 at 14. SFR's contention of an undue
6 burden is supported by generalized statements that Mr. Harden is "extremely busy" with other litigation
7 and his work for SFR, which includes managing approximately 650 properties and overseeing eight
8 employees. *See* Docket No. 64 at 10-11. SFR makes no attempt to explain the impact of a few hours
9 of Mr. Hardin's absence on business operations or otherwise.[5] Nor does SFR explain why any
10 disruption to business operations cannot be mitigated by conducting the deposition outside normal
11 business hours. Instead, SFR relies on generalized statements that amount to a blanket attestation that
12 Mr. Hardin is busy as SFR's manager, a showing that fails as a matter of law to avoid a deposition.

13       D.    Improper Purpose/Irrelevance

14       SFR next argues that the deposition of Mr. Hardin is an improper attempt by Nationstar to obtain
15 irrelevant testimony regarding SFR's corporate structure, members and investors, areas of inquiry that
16 SFR claims are beyond the scope of proper discovery. *See* Docket No. 64 at 11. No such attempted
17 "end run" exists. In an order issued concurrently herewith regarding the disputed Rule 30(b)(6) topic
18 on these issues, the Court has found that such information is relevant and discoverable.

19       E.    Conclusion

20       For all of these reasons, the Court concludes that Nationstar is entitled to depose Mr. Hardin.
21 The deposition testimony sought is discoverable and proportional to the needs of the case. As such, the
22 motion to compel will be granted. That deposition shall be conducted within 30 days of this order.

---

[5] SFR's undue burden argument is premised in significant part on the assumption that Mr. Hardin will be deposed in all of the hundreds of pending cases with similar issues. *See, e.g.*, Docket No. 64 at 11. The issue before this Court, however, is whether there should be a deposition in this case. Moreover, SFR fails to explain sufficiently why a ruling requiring Mr. Hardin's deposition in this case necessarily foreshadows his deposition in all cases. *Cf.* Docket No. 60-1 at ¶ 8 (Nationstar's counsel reiterating that this case is factually unique). SFR's speculation about how a ruling in this case may impact discovery in other cases does not establish an undue burden.

### III. SANCTIONS

In addition to seeking an order requiring Mr. Hardin to appear at his deposition, Nationstar also seeks sanctions for Mr. Hardin's failure to appear at his noticed deposition as scheduled on March 7, 2016. *See, e.g.*, Docket No. 60 at 14. Courts may impose sanctions for the failure of a party or a party's officer, director or managing agent to appear for his deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). The sanctions that may be imposed include those listed in Rule 37(b)(2)(A)(i)-(vi), which include case-dispositive sanctions. *See* Fed. R. Civ. P. 37(d)(3). In addition, courts must award reasonable expenses, including attorneys' fees, unless the failure to appear was substantially justified or other circumstances make an award of expenses unjust. *See id.* The party facing sanctions bears the burden of establishing substantial justification or circumstances making an award of expenses unjust. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994). A finding of bad faith is not a prerequisite for imposing sanctions under Rule 37(d), although a lack of bad faith may be considered in determining whether the imposition of sanctions would be unjust. *See id.*

In this instance, Nationstar does not seek the more significant sanctions outlined in Rule 37(b)(2)(i)-(vi) and instead seeks only sanctions in the form of attorneys' fees and costs. *See, e.g.*, Docket No. 60 at 14. SFR provides only a single paragraph to dispute the appropriateness of sanctions in this case, making two primary arguments as to why sanctions should not be imposed: (1) Nationstar failed to conduct a pre-filing conference; and (2) the pendency of SFR's motion for protective order, standing alone, relieved Mr. Hardin of any duty to appear at the deposition. Docket No. 64 at 12.[6] These arguments both fail as a matter of law.

#### A.   Pre-Filing Conference

SFR contends that the imposition of sanctions would be improper because Nationstar failed to sufficiently meet-and-confer following Mr. Hardin's non-appearance. *See id.* (citing Local Rule 26-7). Nationstar contends that neither the applicable Federal Rule of Civil Procedure nor the cited local rule

---

[6] SFR does not argue that substantial justification or unjust circumstances exist. *See* Docket No. 64 at 12. To the extent such arguments are implicit in its briefing, SFR has not met its burden in establishing either.

require a pre-filing conference and certification as a prerequisite to a court imposing sanctions for failing to appear at a deposition. *See* Docket No. 65 at 10. Nationstar is correct.

The applicable Federal Rule of Civil Procedure, Rule 37(d), requires a movant's certification of a pre-filing conference for motions seeking sanctions arising out of a party "failing to answer or respond" to discovery. *See* Fed. R. Civ. P. 37(d)(1)(B). This provision "require[s] that, where a party fails to file any response to interrogatories or a Rule 34 request, the discovering party should informally seek to obtain such responses before filing a motion for sanctions." Fed. R. Civ. P. 37(d), Advisory Committee Notes (1993). In contrast, Rule 37(d) omits any reference to requiring a pre-filing conference for sanctions motions arising out of the failure to appear for deposition. Hence, a pre-filing conference is not required under Rule 37(d) in relation to a motion for sanctions arising out of a non-appearance at a deposition. *See* 8B Wright, Miller & Marcus, FEDERAL PRACTICE & PROCEDURE, § 2291, at p. 638 (2010) ("This requirement does not apply, however, when a party fails to appear for a deposition"); *see also Anoruo v. Shinseki*, No. 2:12-cv-01190-JCM-GWF, 2013 WL 4546795, at *2 (D. Nev. Aug. 27, 2013) (indicating that Rule 37 does not require a pre-filing conference prior to moving for sanctions relating to non-appearance at a deposition).

SFR's reliance on the local rules in advocating for a pre-filing conference requirement is also unpersuasive. The local rule cited by SFR requires counsel to conduct a pre-filing conference in an attempt to resolve a dispute before filing a "discovery motion." *See* Local Rule 26-7(c). A motion for *sanctions* arising out of a discovery dispute is not generally considered a "discovery motion" for purposes of Local Rule 26-7. *See, e.g., Anoruo*, 2013 WL 4546795, at *2 (not applying meet-and-confer requirements to Rule 37(d) sanctions motion arising out of non-appearance at deposition); *Dayton Valley Investors, LLC v. Union Pac. R. Co.*, No. 2:08-cv-00127-ECR-RJJ, 2010 WL 3829219, at *2 (D. Nev. Sept. 24, 2010) (same for Rule 37(c) sanctions motion); *Sille v. Parball*, No. 2:07-cv-00901-KJD-LRL, 2010 WL 2505625, at *2 (D. Nev. June 14, 2010) (same for Rule 37(b) sanctions motion). Further, the Ninth Circuit has distinguished between sanctions motions and discovery motions in interpreting a similar local rule. *See Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008) (interpreting a Rule 37(c) sanctions motion as distinct from a motion "relating to discovery" for purposes of district court's local rule). As such, Local Rule 26-7's pre-filing conference and certification

1  requirements do not apply to a motion for sanctions arising out of a non-appearance at a deposition.
2  *Anoruo*, 2013 WL 4546795, at *2.[7]

3  Accordingly, no pre-filing conference and certification was required with respect to the pending
4  motion for sanctions.

B.   Pendency of SFR's Motion for Protective Order

6  SFR next contends that an award of sanctions is impermissible because it filed a motion for
7  protective order on Saturday, March 5, 2016, in advance of the deposition scheduled to commence on
8  Monday, March 7, 2016. *See* Docket No. 64 at 12. More particularly, SFR contends that it is immune
9  from sanctions because that motion for protective order remained pending as of the date and time set for
10  Mr. Hardin's deposition. *See id.* Nationstar argues that SFR's position is premised on a "fundamental
11  misunderstanding of Rule 37," and that the mere pendency of a motion for protective order is
12  insufficient to render sanctions improper. *See.* Docket No. 65 at 9. The Court agrees with Nationstar.

13  As a springboard into the Court's analysis, it is useful to reiterate a settled and universally
14  recognized proposition: a party is not empowered to grant itself, *de facto,* the relief it seeks from the
15  Court by delaying in filing a motion to such an extent that it cannot be resolved prior to the scheduled
16  event. *See, e.g.*, *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1141 (D. Nev. 2015). "The
17  odor of gamesmanship is especially pronounced in the context of discovery disputes where it appears
18  parties routinely seek to delay their discovery obligations by filing [a] motion for protective order on the
19  eve of a . . . noticed deposition." *Id.*; *see also Caraway v. Chesapeake Exploration LLC*, 269 F.R.D.
20  627, 628 (E.D. Tex. 2010) (decrying the filing of a motion for protective order the evening before a
21  deposition as embodying tactics "dredged up from the cesspool of 'Rambo' litigation [that] cannot be
22  countenanced" and as an improper attempt to "present an opponent with a *fait accompli*"). In an effort
23  to curb such practices, the Ninth Circuit has long made clear that "it is for the court, not the deponent

---

[7] This interpretation of Local Rule 26-7 is reinforced by the requirement that the local rules must be interpreted in a manner that is consistent with the applicable federal rules. *See, e.g.*, Fed. R. Civ. P. 83(a)(1). The Ninth Circuit has indicated that a district court errs by requiring a pre-filing conference for a sanctions motion if the applicable federal rule omits that requirement. *See Hoffman*, 541 F.3d at 1179 ("Any local rule requiring a conference prior to the court's imposition of sanctions under Rule 37(c) would be inconsistent with Rule 37(c) and, therefore, unenforceable").

or his counsel, to relieve him of the duty to appear." *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964).

The mere filing of a motion for protective order does not relieve a deponent of his duty to appear at a deposition; instead, that duty is relieved only by obtaining either a protective order or an order staying the deposition pending resolution of the motion for protective order. *See, e.g.*, *id.* ("unless [the movant] has obtained a court order that postpones or dispenses with his duty to appear, that duty remains"); *see also In re Toys "R" Us-Delaware, Inc. Fair & Accurate Credit Transactions Act (FACTA) Litig.*, No. ML 08-1980 MMM (FMOx), 2010 WL 4942645, at *3 & n.2 (C.D. Cal. July 29, 2010) (collecting cases, and finding failure to attend deposition was unexcused despite the pendency of a motion for protective order). Hence, "[a]t least with regard to depositions, the [protective] order should ordinarily be obtained before the date set for the discovery." 8A Wright, Miller, & Marcus, FEDERAL PRACTICE & PROCEDURE, § 2035, at p. 151-52 (2010). Any other rule would allow litigants to engage in gamesmanship and "would be an intolerable clog upon the discovery process." *Pioche Mines*, 333 F.2d at 269.

Although it provides scant discussion and fails to even acknowledge this Ninth Circuit authority, SFR resists this well-settled law by arguing that Rule 37(d)(2) "provides that the failure to appear for a deposition is excused if the party had a pending motion for protective order." Docket No. 64 at 12. Rule 37(d)(2) provides no such thing. That rule provides that the failure to appear for a deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2). This provision operates to bar a party who has not moved for a protective order from arguing that sanctions are improper given the objectionable nature of the disputed discovery. *See Lee v. Walters*, 172 F.R.D. 421, 425 (D. Ore. 1997) (the rule "explicitly eliminates [this] excuse" absent the filing of a motion for protective order). Hence, Rule 37(d)(2) dictates that a pending motion for protective order is a necessary, but not sufficient, condition to be excused for failing to attend a deposition. *Izzo v. Wal-Mart Stores, Inc.*, No. 2:15-cv-01142-JAD-NJK, 2016 WL 409694, at *7 (D. Nev. Feb. 2, 2016) (citing *Hiramanek v. Clark*, No. 13-cv-00228-RMW, 2016 WL 217255, at *4 n.34 (N.D. Cal. Jan. 19, 2016)). Quite simply, SFR has fallen victim to the classic logical fallacy of conflating what is necessary with

11

what is sufficient; the fact that the filing of a motion for protective order is necessary to excuse a non-appearance at a deposition does not mean that the filing of a motion for protective order is sufficient to excuse that non-appearance.

This reading of Rule 37(d) is not only consistent with the text of the rule, but is also supported by the policy considerations that animated the Ninth Circuit's holding in *Pioche Mines*. Adopting the position advanced by SFR would enable litigants to avoid their discovery obligations by filing last-minute and unmeritorious motions for protective order without any fear of sanctions, a loophole that would cripple the discovery process. That is most assuredly not what the drafters of Rule 37(d)(2) envisioned. *See* Fed. R. Civ. P. 37(d), Advisory Committee Notes (1993) ("not[ing] that the filing of a motion under Rule 26(c) is not self-executing–the relief authorized under that rule depends on obtaining a court's order to that effect"). In short, the Court is not persuaded that SFR can escape sanctions based solely on the pendency of its unmeritorious motion for protective order that it filed on the eve of the deposition.[8]

In this case, SFR filed its motion for protective order during the weekend before a Monday deposition, nearly two weeks after service of the deposition notice. While that motion for protective order may have remained pending as of the date of the deposition, that circumstance flowed from SFR filing it at such a late date that it could not have been argued and decided before the scheduled deposition. This is exactly the scenario that *Pioche Mines* sought to prevent: SFR sought to avoid having Mr. Hardin deposed through its filing of a motion for protective order, it filed an unmeritorious motion for protective order on the eve of that deposition, and now it seeks to be free of any repercussions from his non-appearance by arguing that it was permitted to avoid and delay its discovery obligations

---

[8] The Court is similarly unpersuaded by SFR's contention that sanctions should not be imposed because Nationstar's counsel "knew SFR objected to the Notice." Docket No. 64 at 12; *see also* Docket No. 64-3 at 2. Conveying to opposing counsel objections to a deposition and an intent not to appear is insufficient to avoid sanctions for a subsequent non-appearance. *See Toys "R" Us*, 2010 WL 4942645, at *3 (advising opposing counsel of intended non-appearance does not excuse failure to appear); *see also Peyman v. Rayan*, No. 2:09-cv-01384-KJD-LRL, 2011 WL 976925, at *1 (D. Nev. Mar. 18, 2011) ("courts have held that parties may not escape sanctions simply by notifying the attorney who noticed the deposition that they will not appear").

without any court order allowing it to do so. Given these circumstances, the imposition of sanctions is appropriate for the failure of Mr. Hardin to appear at his deposition and the motion for sanctions will be granted.

If the parties cannot agree on a sanction amount among themselves, Nationstar shall file appropriate paperwork in support of the amount of sanctions it intends to seek within seven days of the issuance of this order. Any response shall be filed by SFR within 14 days of the issuance of this order. Neither party has addressed whether these sanctions should be imposed on Mr. Hardin, SFR, and/or SFR's counsel. *Cf.* Fed. R. Civ. P. 37(d)(3) (expenses are to be paid by "the party failing to act, the attorney advising that party, or both").[9] The parties may include argument on that issue with the paperwork identified above. If the parties fail to address that issue, the Court will order that the sanctions are imposed jointly and severally on Mr. Hardin, SFR, and SFR's counsel, since the court is otherwise unable to tell from the current record who is more blameworthy for Mr. Hardin's non-appearance. *See Kendrick v. Zanides*, 609 F. Supp. 1162, 1173 (N.D. Cal. 1985); *see also In re George*, 322 F.3d 586, 592 (9th Cir. 2003) (citing *Int'l Union of Bricklayers Local 20 v. Martin Jaska, Inc.*, 752 F.2d 1401, 1407 & n.8 (9th Cir. 1985)).

## IV. CONCLUSION

For the reasons discussed more fully above, Nationstar's motion to compel and Nationstar's motion for sanctions are both **GRANTED**.

IT IS SO ORDERED.

DATED: July 28, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[9] It appears that counsel advising SFR and Mr. Hardin on this matter was Diana Cline Ebron and/or Karen Hanks. *See* Docket No. 64 at 2-3; Docket No. 64-3.