UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC,<br><br>Plaintiff,<br>v.<br><br>FLAMINGO TRAILS NO. 7 LANDSCAPE MAINTENANCE ASSOCIATION, INC., *et al.*,<br><br>Defendants. | Case No. 2:15-cv-01268-RFB-NJK<br><br>**ORDER** |

**I.     INTRODUCTION**

Before the Court are Plaintiff Nationstar Mortgage, LLC's Motion for Partial Summary Judgment (ECF No. 98) and Defendant SFR Investments Pool 1's ("SFR's") Motion for Summary Judgment (ECF No. 99).

For the reasons stated below, the Court finds that Plaintiff can demonstrate no legally cognizable basis for quiet title or defect in the foreclosure sale. The Court therefore grants summary judgment in favor of Defendants.

**II.     FACTUAL BACKGROUND**

**a.  Undisputed Facts**

The Court finds that the following facts are undisputed.

In August 2005, Elena V. Tillotson purchased the property at 4230 Quilting Bear Street, Las Vegas, Nevada 89147 and financed the property with a $280,000 loan from Realty Mortgage Corporation in August 2005. She secured the loan with a deed of trust. The deed of trust names

Mortgage Electronic Registration Systems, Inc. ("MERS") as the original beneficiary. MERS assigned the deed of trust to Aurora Loan Services LLC ("Aurora") in June 2011. Aurora assigned the deed of trust to Plaintiff in July 2013. The property is governed by Covenants, Conditions and Restrictions ("CC&Rs") imposed by Flamingo Trails No. 7 Landscape Maintenance Association, Inc. ("Flamingo").

Flamingo, through Nevada Association Services, Inc. ("NAS"), recorded a notice of delinquent assessment lien on May 29, 2012. It states the borrower owed a total of $728.50 but does not provide the "superpriority" amount or advise that Flamingo intended to foreclose a "superpriority lien."

Flamingo, through NAS, recorded a notice of default and election to sell under homeowners' association lien on July 18, 2012. It states borrower owed $1,851.50 but does not provide the superpriority amount or advise Flamingo intended to foreclose a superpriority lien.

Flamingo, through NAS, recorded a notice of foreclosure sale in January 2013. It foreclosed on January 25, 2013. SFR purchased the property for $17,000 at the sale.

### III. PROCEDURAL BACKGROUND

Plaintiff filed the Complaint on July 6, 2015. ECF No. 1. SFR filed an Answer and Counter-claim on July 31, 2015. ECF No. 11. Plaintiff filed an Answer on April 26, 2019. ECF No. 97. Flamingo filed an Answer on September 25, 2015 and an Amended Answer on October 15, 2015. ECF Nos. 20, 23

This matter was administratively stayed on August 23, 2016, pending the Ninth Circuit's decision in Bourne Valley Court Trust v. Wells Fargo Bank, 832 F.3d 1154 (9th Cir. 2016). ECF No. 84. The stay in this matter was lifted on April 8, 2019. ECF No. 92.

Plaintiff filed the instant Motion for Partial Summary Judgment on May 13, 2019. ECF No. 98. SFR responded on May 22, 2019. ECF No. 102. Plaintiff replied on May 29, 2019. ECF No. 103.

/ /

/ / /

SFR filed the instant Motion for Summary Judgment on May 13, 2019. ECF No. 99. Plaintiff responded on May 22, 2019. ECF No. 101. SFR replied on May 29, 2019. ECF No. 104.

The Court held a hearing regarding the pending motions on July 31, 2019. ECF No. 106.

## IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted).

## V. DISCUSSION

The dispositive issue in this case is whether Flamingo qualifies as a "limited-purpose association" as defined by NRS 116.1201(6). Because the Court finds that it does not, the Court finds that Flamingo possessed a superpriority lien on the property at the time of the foreclosure sale.

NRS Chapter 116 "does not apply to" a limited-purpose association. NRS 116.1201(2)(a). A "limited-purpose association" is one that "[i]s created for the limited purpose of maintaining: (1) The landscape of the common elements of a common-interest community; (2) Facilities for flood control; or (3) A rural agricultural residential common-interest community" and "[i]s not authorized by its governing documents to enforce any restrictions concerning the use of units by

units' owners, unless the limited-purpose association is created for a rural agricultural residential common-interest community." NRS 116.1201(6).

Plaintiff argues that Flamingo is a landscape-only limited-purpose associated pursuant to subsection (1). The Nevada Administrative Code sets out the definitional requirements of a limited-purpose association under subsection (1):

> An association is a limited-purpose association pursuant to subparagraph (1) of paragraph (a) of subsection 6 of NRS 116.1201 if: (a) The association has been created for the sole purpose of maintaining the common elements consisting of landscaping, public lighting or security walls, or trails, parks and open space; (b) The declaration states that the association has been created as a landscape maintenance association; and (c) The declaration expressly prohibits: (1) The association, and not a unit's owner, from enforcing a use restriction against a unit's owner; (2) The association from adopting any rules or regulations concerning the enforcement of a use restriction against a unit's owner; and (3) The imposition of a fine or any other penalty against a unit's owner for a violation of a use restriction.

Nev. Admin. Code 116.090(1).

The Court finds that Flamingo's CC&Rs are not consistent with all necessary definitional requirements. Flamingo's CC&Rs satisfy the first and second requirements. The CC&Rs state in relevant part that "[t]he sole purpose of the Association is to provide for maintenance, repair, improvement, upkeep, replacement, preservation and day-to-day operation of the Association Landscape Area and easement property." ECF No. 99, Exhibit A-1, at 13; accord id. at 22. The section of the CC&Rs outlining association responsibilities discusses only landscape maintenance. Id. at 13. However, the CC&Rs do not satisfy the third requirement. The administrative code requires an *express* prohibition on the enforcement of a use restriction, the adoption of any rules concerning enforcement of a use restriction, and the imposition of a fine or other penalty for violation of a use restriction. Flamingo's CC&Rs contain no such term. The absence of this mandatory term precludes this Court from finding that Flamingo is a limited-purpose association pursuant to statute. Cf. Saticoy Bay LLC Series 4500 Pac. Sun v. Lakeview Loan Servicing, LLC, 441 P.3d 81 at *2 (Nev. 2019) (unpublished) (finding that an association met the definition of a "limited purpose association" where the CC&Rs contained an express clause stating that "the Association shall not have the power to enforce the use restrictions").

4

As Flamingo is not a limited-purpose association, it is subject to NRS Chapter 116 and possessed a valid superpriority interest in the property at the time of the foreclosure sale. Plaintiff proffers no other valid legal reason for the Court to find that Flamingo's interest or the sale itself was invalid. This Court has found and finds here that NRS Chapter 116 does not facially violate due process and that notices need not provide the superpriority amount to be constitutionally compliant. This Court has also found and finds here that an inadequate sales price alone does not constitute grounds for setting aside a trustee's sale, as NRS Chapter 116 does not contain any provisions requiring that an HOA foreclosure sale be commercially reasonable. In support of both of these findings, the Court incorporates by reference its reasoning in <u>Carrington Mortg. Servs., LLC v. Tapestry at Town Ctr. Homeowners Ass'n</u>, 381 F. Supp. 3d 1289, 1294–95, 1298 (D. Nev. 2019). Lastly, the Court has found and finds here that a foreclosure sale does not amount to fraud, oppression, or unfairness and cannot be invalidated on the basis of an HOA's failure to comply with its own CC&Rs. The Court incorporates by reference its reasoning in <u>Deutsche Bank Nat'l Tr. Co. as Tr. for GSAA Home Equity Tr. 2006-17 v. Edward Kielty Tr.</u>, No. 217CV01759RFBPAL, 2019 WL 1442183, at *7 (D. Nev. 2019).

**VI. CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff Nationstar Mortgage, LLC's Motion for Partial Summary Judgment (ECF No. 98) is DENIED.

**IT IS FURTHER ORDERED** that the Defendant SFR Investments Pool 1's Motion for Summary Judgment (ECF No. 99) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly in favor of Defendants and close this case.

///

///

///

///

5

1     **IT IS FURTHER ORDERED** that the lis pendens recorded against Parcel Number 163-20-114-047 in the Official Records of the Clark County Recorder is expunged. The Clark County Recorder is directed by this Order to expunge this lis pendens.

DATED: September 6, 2019.

                                                                            _____
                                                                            RICHARD F. BOULWARE, II
                                                                            UNITED STATES DISTRCIT JUDGE